IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULEANA STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 17-cv-04478-MMC<br><br>**ORDER GRANTING CITY OF OAKLAND AND CHIEF WHENT'S MOTION TO DISMISS; GRANTING COUNTY OF ALAMEDA AND SHERIFF AHERN'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are two motions to dismiss: (1) Motion to Dismiss, filed November 24, 2017, by defendants City of Oakland ("City") and former Chief of Police Sean Whent ("Chief Whent") (collectively, "City Defendants"); and (2) Motion to Dismiss, filed October 23, 2017, by defendants County of Alameda ("County") and Sheriff Gregory J. Ahern ("Sheriff Ahern") (collectively, "County Defendants"). Both motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for January 26, 2018, and hereby rules as follows.

**BACKGROUND**

In her complaint, plaintiff Juleana Stewart ("Stewart") alleges that, in 2014, "her personal identity information" was "stolen" and that "her stolen personal identity information was later used to buy a car apparently involved in robberies that had occurred in Oakland." (See Compl. ¶ 1.)

Stewart alleges that defendant Frank Morrow ("Morrow"), a police officer employed

by the City,[1] obtained a warrant for Stewart's arrest by "wrongfully withholding pertinent information of which he was aware," specifically, by "repeatedly refer[ing] to the car involved in the Oakland robberies — a BMW — as 'Stewart's BMW,'" and "even though defendant Morrow had been told by [Stewart] that she did not own the vehicle, that her identity information had been stolen over a year earlier, and that she had promptly reported the identity theft to her local police department shortly after that had occurred" (see Compl. ¶¶ 6, 19), Morrow's affidavit in support of his application for the arrest warrant "mis-represented that [Stewart] had only reported the identity theft several months later, after several of the Oakland robberies had been committed using a rental car rented in [Stewart's] name" (see Compl. ¶ 19).

Stewart alleges that, on December 9, 2015, she was arrested by City police officers[2] on the "wrongfully obtained arrest warrant" and that, during the course of the arrest, the officers "pulled firearms and aimed them at her without cause when they pulled over the car she was driving" (see Compl. ¶¶ 1, 67), after which she was transferred to the Alameda County jail, where she "was not given pain medication for a prior serious back injury" during the three days she was detained in that facility (see Compl. ¶ 20).

Stewart further alleges that the Oakland Police Department "had" a "custom and policy" to "use excessive force" and "provide misleading information to obtain arrest warrants" (see Compl. ¶ 27) and that the Alameda County Sheriff's Department "had" a "custom and policy" to be "deliberately indifferent to the medical needs of persons detained in jail" (see Compl. ¶ 29).

Based on the above-cited allegations, Stewart asserts three causes of action against the City Defendants and the County Defendants, specifically, the Second Cause of Action, titled "Violation of Civil Rights, 42 U.S.C. § 1983," the Third Cause of Action,

---

[1] To date, Morrow has not filed an appearance in the above-titled action.

[2] The officers are not named in the complaint.

2

titled "Violations of California Civil Code § 52.1," and the Fifth Cause of Action, titled "Negligence."[3]

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

In their respective motions, the City Defendants and the County Defendants argue

---

[3]The remaining causes of action are alleged against Morrow and/or the "Doe" defendants.

3

that all claims against them are subject to dismissal. The Court considers the motions, in turn.

**A. City Defendants' Motion to Dismiss**

As noted, Stewart alleges three causes of action against the City Defendants. In her response to the City Defendants' motion to dismiss those three claims, Stewart states that "Chief Whent should be dismissed without prejudice" from the instant action (see Pl.s' Opp. to City Defs.' Mot. at 6:3), and, as the City Defendants observe, does not address in any respect the City Defendants' motion to dismiss her § 52.1 claim against the City.

Accordingly, all of Stewart's claims against Chief Whent and her § 52.1 claim against the City will be dismissed without prejudice. The Court next turns to the two remaining causes of action against the City.

**1. 42 U.S.C. § 1983**

Stewart seeks to hold the City liable for alleged deprivation of her constitutional rights by City police officers. The City Defendants argue Stewart's § 1983 claim is deficient for the reason that the complaint lacks any facts identifying a municipal policy, custom, or practice under which those officers allegedly acted. The Court agrees.

Where a plaintiff has been deprived of a constitutional right by a municipal employee, such plaintiff, in order to state a claim against the municipality, must allege the municipality "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation." See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (internal quotation and citation omitted). At the pleading stage, the plaintiff must allege "facts regarding the specific nature" of the challenged policy, custom or practice. See id. at 637. Here, Stewart alleges in general terms that the City had a "custom and policy . . . to use excessive force and to provide misleading information to obtain arrest warrants" (see Compl. ¶ 27), as well as a "policy, practice and custom" of "deliberate indifference" to its "fail[ure] to adequately train, instruct, monitor, supervise or otherwise direct its officers, deputies, and employees" (see Compl. ¶ 45)

4

1  and "fail[ure] to use adequate hiring procedures and training procedures" (see Compl.
¶ 46). Stewart fails to allege, however, any facts describing the specific nature of any such custom or policy or any such deficiency in the City's training, instructing, monitoring, supervising, directing or hiring of police officers. See, e.g., Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (holding plaintiff alleging municipal liability claim based on inadequate training must "identify what the training . . . practices were," as well as "how the training . . . practices were deficient").

Accordingly, to the extent Stewart's § 1983 claim is asserted against the City, the claim is subject to dismissal. As Stewart has requested leave to amend, and the City Defendants have not shown the above-discussed deficiency could not be cured, the Court will grant that request.

**2. Negligence**

Stewart alleges that the City "breached" duties owed to Stewart and, in addition, that the City is "vicariously liable for the negligent conduct of [City employees]." (See Compl. ¶ 64.) The City Defendants argue Stewart's negligence claim is subject to dismissal for the reason that the complaint fails to include facts to support a finding that the City can be held either directly or vicariously liable. The Court again agrees.

First, to state a negligence claim against a governmental entity under a theory of direct liability, a plaintiff must "identify a specific statute declaring the entity to be liable, or at least creating some specific duty of care by the agency in favor of the injured party." See de Villers v. County of San Diego, 156 Cal. App. 4th 238, 247 (2007) (internal quotation, alteration and citation omitted). Here, the complaint identifies no such statute, and, consequently, Stewart has failed to allege a cognizable basis for a claim against the City predicated on direct liability. See id. at 255-56 (holding "a direct claim against a governmental entity asserting negligent hiring and supervision, when not grounded in the breach of a statutorily imposed duty owed by the entity to the injured party, may not be maintained").

Second, to state a negligence claim against a governmental entity under a theory

5

of vicarious liability, a plaintiff must establish that "the employee who acted or failed to act would have been personally liable for the injury." See id. at 247, 249-50 (holding county could not be held liable for negligence under vicarious liability theory, where plaintiff failed to show county employees were negligent). Here, as the City Defendants correctly point out, the complaint does not identify each specific wrongful act or the specific employee who committed it. Rather, Stewart alleges such conduct in collective and/or general terms. (See, e.g., Compl. ¶ 23 (alleging "Morrow and the Doe defendants . . . negligently . . . failed to use reasonable care to ensure no excessive force was used");[4] Compl. ¶ 61 (listing eight "general duties of reasonable care"); Compl. ¶ 62 (alleging Chief Whent and Does were negligent by failing to "properly and adequately hire, investigate, train, supervise, monitor and discipline" police officers)); see also Iqbal, 556 U.S. at 678 (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state cognizable claim).

Accordingly, to the extent Stewart's negligence claim is asserted against the City, the claim is subject to dismissal. As Stewart has requested leave to amend, and the City Defendants have not shown the above-discussed deficiencies could not be cured, the Court will grant that request.

**B. County Defendant's Motion**

As noted, Stewart alleges three causes of action against the County Defendants. In her response to the County Defendants' motion to dismiss those claims, Stewart "stipulates to the dismissal of Sheriff Ahern and of every cause of action against the County of Alameda other than her 42 U.S.C. § 1983 cause of action based on deliberate indifference to medical needs while she was a pre-trial detainee at the County Jail." (See Pl.'s Opp. to County Defs.' Mot. at 1:20-22.) In their reply, the County Defendants join

---

[4] The Court notes there are no factual allegations suggesting Morrow was present at the time of Stewart's arrest or any factual allegations describing conduct on the part of Morrow that is characterized as negligent, and, indeed, the first sentence of Stewart's opposition states Morrow "intentionally submitted false statements to obtain [the] warrant." (See Pl.'s Opp. at 1:17-18.)

6

1   such stipulation. The Court thus turns to the one remaining claim against the County.

2   The County Defendants argue, and the Court agrees, that Stewart's § 1983
deliberate indifference claim against the County fails for two reasons, specifically, that Stewart does not allege sufficient facts to support a finding that any jail official was deliberately indifferent and, additionally, that Stewart does not allege sufficient facts to support a finding that any deliberate indifference was the result of a municipal custom or policy.

First, a claim of municipal liability under § 1983 requires the plaintiff to show, inter alia, a "constitutional injury." See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (holding, where plaintiff based § 1983 claim against city on theory city's regulations "authorized the use of constitutionally excess force," claim failed in light of finding officer did not violate plaintiff's constitutional rights). Here, Stewart's claim of constitutional injury is based on her allegation that jail officials were deliberately indifferent to her medical needs. A claim alleging deliberate indifference requires a showing that jail officials "[knew] of and disregard[ed] an excessive risk to inmate health and safety." See Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003) (internal quotation and citation omitted). Here, however, although Stewart alleges she "was not given pain medication for a prior serious back injury" (see Compl. ¶ 20), she does not allege that any jail official knew of her medical condition or her need for medication.

Second, as set forth above, a plaintiff who is deprived of a constitutional right and who seeks to hold a municipality liable for such deprivation must, at the pleading stage, allege "facts regarding the specific nature" of the challenged municipal policy, custom or practice. See AE, 666 F.3d at 631, 636-37. Here, although Stewart alleges that the County had a "custom and policy . . . to be deliberately indifferent to the medical needs of persons detained in jail" (see Compl. ¶ 29), as well as "deliberate indifference" to its "fail[ure] to adequately train, instruct, monitor, supervise or otherwise direct its officers, deputies, and employees" (see Compl. ¶ 45) and "fail[ure] to use adequate hiring procedures and training procedures" (see Compl. ¶ 46), Stewart alleges no facts

7

identifying the specific nature of any such custom or policy or any such deficiency in the County's training, instructing, monitoring, supervising, directing and/or hiring of jail employees with respect to medical needs of detainees.

Accordingly, to the extent Stewart's § 1983 claim is asserted against the County, the claim is subject to dismissal. As Stewart has requested leave to amend, and the County Defendants have not shown the above-discussed deficiencies could not be cured, the Court will grant that request.

**CONCLUSION**

For the reasons stated:

1. The City Defendants' motion to dismiss is hereby GRANTED, with leave to amend as set forth above.

2. The County Defendants' motion to dismiss is hereby GRANTED, with leave to amend as set forth above.

3. If Stewart wishes to file a First Amended Complaint, such amended pleading shall be filed no later than February 16, 2018.

4. In light of the dismissal of the claims against the City Defendants and County Defendants, and lack of proof of service of the summons and complaint upon Morrow, the Case Management Conference is hereby CONTINUED from February 9, 2018, to April 20, 2018, at 10:30 a.m. A Joint Case Management Conference Statement shall be filed no later than April 13, 2018.

**IT IS SO ORDERED.**

Dated: January 18, 2018

MAXINE M. CHESNEY
United States District Judge