IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULEANA STEWART,<br>　　　　Plaintiff,<br>　v.<br>CITY OF OAKLAND, et al.,<br>　　　　Defendants. | Case No. 17-cv-04478-MMC<br><br>**ORDER GRANTING COUNTY OF ALAMEDA'S MOTION TO DISMISS; VACATING HEARING**<br><br>Re: Dkt. No. 44 |

Before the Court is the County of Alameda's ("County") Motion, filed March 9, 2018, "to Dismiss the First Amended Complaint and Motion to Strike Portions of the First Amended Complaint." Plaintiff Juleana Stewart has filed a "Qualified Statement of Non-Opposition," to which the County has replied. Having read and considered the papers filed in support of and in response to the motion, the Court deems the matter suitable for determination on the parties' written submissions, VACATES the hearing scheduled for April 20, 2018, and rules as follows.

In the operative complaint, the First Amended Complaint, plaintiff alleges a single claim against the County, specifically, a claim under 42 U.S.C. § 1983. By order filed January 18, 2018, the Court dismissed the claim as alleged in the initial complaint, finding plaintiff had failed to "allege facts regarding the specific nature of [any] challenged municipal policy, custom or practice" (see Order, filed January 18, 2018, at 7:20 - 8:3) (internal quotation and citation omitted), and afforded plaintiff leave to amend. In the instant motion, the County contends plaintiff has failed to cure the deficiency identified in the Court's prior order and, consequently, that plaintiff's claim against the County should be dismissed. In her response, plaintiff states she "does not oppose" the County's

motion. (See Pl.'s Statement, filed March 23, 2018, at 1:23-24.)[1]

Accordingly, the County's motion to dismiss is hereby GRANTED, and plaintiff's claim against the County is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: April 17, 2018

MAXINE M. CHESNEY
United States District Judge

---

[1] Plaintiff asserts she has pleaded sufficient facts to state a claim against "Doe" defendants and requests that the order dismissing the County "make clear" that her claims against such Doe defendants have not been dismissed. (See id. at 1:25 - 2:1.) As plaintiff has not identified, let alone served, any Doe defendant and the County has not appeared on behalf of any Doe, the Court does not address herein the sufficiency of plaintiff's claims against Doe defendants.