IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULEANA STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 17-cv-04478-MMC<br><br>**ORDER GRANTING CITY OF OAKLAND AND SEAN WHENT'S MOTION TO DISMISS; VACATING HEARING**<br><br>Re: Dkt. No. 46 |

Before the Court is the Motion to Dismiss, filed March 11, 2018, by defendants City of Oakland ("City") and former Chief of Police Sean Whent ("Chief Whent") (collectively, "City Defendants"). Plaintiff Juleana Stewart ("Stewart") has filed opposition, to which City Defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 20, 2018, and rules as follows.

In the operative complaint, the First Amended Complaint ("FAC"), Stewart alleges that defendant Frank Morrow ("Morrow"), a police officer employed by the City (see FAC ¶ 6), obtained a warrant for Stewart's arrest by "wrongfully withholding pertinent information of which he was aware or should have been aware, and by asserting information that he knew or should have known was not true" (see FAC ¶ 18), and that, thereafter, "based upon [the] wrongfully obtained arrest warrant," she was arrested by two City police officers,[1] who, during the course of the arrest, "pulled out firearms and

---
[1] The two officers are sued in the FAC as "Doe defendants." (See FAC ¶ 8.)

aimed them at her without cause" (see FAC ¶ 17). Stewart further alleges that "it was the custom and policy of the Oakland Police Department, and their members, to use excessive force" and to "provide misleading information to obtain arrest warrants." (See FAC ¶ 32.) Additionally, Stewart alleges, City Defendants "fail[ed] to train, supervise, discipline and/or investigate complaint and/or charges against Oakland Police Department officers, and/or defendant Morrow." (See FAC ¶ 31.) Based on the above-cited allegations, Stewart asserts a single cause of action against City Defendants, specifically, the Second Cause of Action, titled "Violation of Civil Rights, 42 U.S.C. § 1983."[2]

By the instant motion, City Defendants argue Stewart has failed to state a claim against either the City or Chief Whent. The Court considers in turn Stewart's claim against each of the City Defendants.

**A. Chief Whent**

On November 24, 2017, City Defendants filed a motion to dismiss the claims alleged against them in the then operative pleading, Stewart's initial complaint. In particular, City Defendants argued that Stewart had failed to allege any facts to support a finding that Chief Whent had violated § 1983. By order filed January 18, 2018, the Court, at Stewart's request that Chief Whent "be dismissed without prejudice" (see Pl.s' Opp. to City Defs.' Mot., filed January 5, 2018, at 6:3), dismissed Stewart's claims against said defendant. In the instant motion, City Defendants, after noting Stewart, without explanation, has pleaded in the FAC her § 1983 claim against Chief Whent, argue Stewart again fails to state a claim against him.

Stewart has sued Chief Whent in both his "official" and his "individual" capacity. (See FAC ¶ 11.) For the reasons stated by City Defendants, none of which Stewart addresses in her opposition, the Court finds Stewart's claim against Chief Whent is

---

[2]The remaining causes of action are alleged against Morrow and/or Doe defendants.

2

1  subject to dismissal.  Specifically, Stewart's claim against Chief Whent in his official
2  capacity is duplicative, in light of Stewart's having sued the City, see Center for Bio-
3  Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't, 533 F.3d 780, 799 (9th Cir.
4  2008) (holding where plaintiff names as defendants "local government entity" and
5  "municipal officer" in his "official capacity," district court "may dismiss the officer as a
6  redundant defendant"), and Stewart's claim against him in his individual capacity lacks
7  any facts to support her conclusory allegation that he personally violated Stewart's
8  constitutional rights, see Ashcroft v. Iqbal, 556 U.S. 662, 676, 678 (2009) (holding,
9  "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that
10 each Government-official defendant, through the official's own individual actions, has
11 violated the Constitution"; further holding courts "are not bound to accept as true a legal
12 conclusion couched as a factual allegation").

### B. The City

By order filed January 18, 2018, the Court dismissed Stewart's § 1983 claim as asserted against the City in the initial complaint, for failure to allege "facts regarding the specific nature" of any challenged municipal policy, custom or practice. (See Order, filed January 18, 2018, at 4:22-24 (quoting AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)), and afforded Stewart leave to amend.  In the instant motion, City Defendants argue Stewart has failed to cure the deficiency identified in the Court's prior order.

In her opposition, Stewart fails to identify, and the Court has not located, any facts she has added to support her conclusory allegation that the "Doe defendants" who allegedly used excessive force during the course of her arrest were acting pursuant to a municipal policy, custom or practice.  Accordingly, to the extent Stewart's § 1983 claim against the City is based on an alleged policy, custom or practice pertaining to use of force, Stewart has failed to cure the deficiency identified in the Court's prior order.

Stewart does argue, however, that she has added sufficient factual allegations to support her claim that when Morrow allegedly made false or misleading statements in the

3

application for her arrest, he acted pursuant to a City "custom and policy" under which officers "provide misleading information to obtain arrest warrants." (See FAC ¶ 32.) Specifically, Stewart relies on the following allegations: (1) in 2004, the City settled a lawsuit filed against the City and Morrow in which the plaintiff therein alleged she had been "sexually assaulted" by Morrow; (2) in 2006, the City was named as a defendant in a lawsuit in which Morrow "was accused of assaulting a young man and brandishing his firearm"; and (3) in 2011, Morrow "was quoted in the New York Times as saying, in support of a disciplined, terminated, OPD [Oakland Police Department] supervising officer who lied about personally approving a felony arrest at the scene of the arrest, that, 'you shouldn't be terminated for being overwhelmed with work and making a shortcut that didn't cause any harm'." (See FAC ¶ 29.) Relying on the principle that "a custom or practice can be inferred from evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded," see Velasquez v. City of Long Beach, 793 F.3d 1010, 1027 (9th Cir. 2015), Stewart argues the above-referenced three incidents support a finding that Morrow, when he made the allegedly false or misleading statements, acted pursuant to a municipal policy.

The principle on which Stewart relies is inapplicable to the instant claim. First, the alleged sexual assault and the alleged brandishing are dissimilar in nature and, more importantly, bear no similarity to Morrow's having allegedly made false statements in an application for a warrant. Consequently, the two incidents on which Stewart relies are insufficient to support an inference that the City has a policy of allowing officers to make false statements in the course of obtaining warrants. The statement Morrow made to the New York Times likewise does not support an inference that the City has such a policy. As described in the article,[3] a police sergeant was terminated, apparently for having

---

[3] The Court takes judicial notice of the article, which has been submitted in the instant case by Stewart. (See Helbraun Decl., filed January 5 2018, Ex. F); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding court, when considering motion to dismiss, may consider "documents whose content are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

4

misrepresented that he had complied with an internal, departmental procedural rule, and, read in context, the quoted comment by Morrow cannot reasonably be understood as supportive of the sergeant's conduct, but, rather, as a disagreement with the level of punishment imposed.

Accordingly, as Stewart has not cured the deficiency identified in the Court's prior order, Stewart's claim against the City is subject to dismissal.

## CONCLUSION

For the reasons stated above, City Defendants' motion to dismiss is hereby GRANTED, and the Second Cause of Action, to the extent alleged against City Defendants, is hereby DISMISSED, without further leave to amend.

**IT IS SO ORDERED.**

Dated: April 18, 2018

MAXINE M. CHESNEY
United States District Judge