United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULEANA STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 17-cv-04478-MMC<br><br>**ORDER GRANTING DEFENDANT FRANK MORROW'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 76 |

    Before the Court is defendant Frank Morrow's ("Morrow") motion, filed July 20, 2018, to dismiss plaintiff Juleana Stewart's ("Stewart") Second Amended Complaint ("SAC"). Stewart has filed opposition, to which Morrow has replied. The matter came on regularly for hearing on September 7, 2018. David M. Helbraun of the Helbraun Law Firm appeared on behalf of Stewart. Matthew Taylor of Messing Adam & Jasmine LLP appeared on behalf of Morrow. Having read and considered the papers filed in support of and in opposition to the motion, as well as the arguments of counsel at the hearing, the Court rules as follows.[1]

    On November 17, 2015, Morrow, a police officer, applied and obtained a warrant for Stewart's arrest in connection with a series of robberies committed using a black BMW that had been purchased several months earlier from Bay Area Auto World ("Auto World") by a woman who identified herself as Stewart.

---

[1] At the above-referenced hearing, the Court directed Morrow to file a police report he presented to the Court and Stewart's counsel at the hearing. To date, said report has not been filed. Under the circumstances, the Court has decided to issue the instant order without further delay.

In the SAC, Stewart brings two claims against Morrow: (1) a claim, pursuant to 42 U.S.C. § 1983, for judicial deception, based on the affidavit Morrow submitted in support of his request for a warrant; and (2) a claim for negligence likewise based on said affidavit and warrant request.

"To maintain a false arrest claim for judicial deception, a plaintiff must show that the officer who applied for the arrest warrant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause" for such plaintiff's arrest. Smith v. Almada, 640 F.3d 931, 937 (9th Cir. 2011) (internal quotation and citation omitted). "The materiality element—a question for the court—requires the plaintiff to demonstrate that the magistrate would not have issued the warrant with false information redacted, or omitted information restored." Id. (internal quotations and citations omitted).

Here, the question before the Court is whether, in obtaining the warrant, Morrow misrepresented and/or omitted facts material to the determination of probable cause to arrest Stewart for robbery and/or conspiracy to commit robbery, which determination turns on the identity of the person who purchased the black BMW.

As set forth in detail at the hearing, the Court has redacted the affidavit to exclude a number of statements Stewart asserts were false or misleading[2] and has restored the omitted fact that Stewart had reported her driver's license stolen approximately a year and a half prior to the purchase of the black BMW.[3]

For the reasons stated on the record at the hearing and summarized below, the Court finds the affidavit, so corrected, "would still have contained facts sufficient to

---

[2] As discussed at length at the hearing, the Court declined to excise certain of the assertedly false statements, which the Court found were, when read in context, neither false nor misleading, and, on the other hand, agreed to excise certain of the statements despite various deficiencies in the support Stewart offered for such requests.

[3] The Court declined to add to the affidavit a statement that the signatures on the license and sales documents did not match, given counsel's acknowledgment at the hearing that Stewart had no factual basis for such allegation.

establish probable cause to arrest" Stewart, see id. at 938, namely:

    (1) The black BMW was sold to an individual who presented Stewart's valid California driver's license bearing Stewart's photograph and signature, which license was accepted at Auto World by a representative who had ample opportunity to observe the prospective purchaser as well as to compare said purchaser with Stewart's photograph, not only for the purpose of ensuring the sale was to a licensed driver but also for the purpose of confirming the identity of the person to whom Auto World would be making a loan to finance the purchase;

    (2) Either at the time of the sale or on another date prior to the date the affidavit was executed, the black BMW was registered not only in Stewart's name but at Stewart's current address, which could not have been obtained from the driver's license presented to Auto World, which listed an earlier address;

    (3) When contacted by Morrow, Stewart refused to come to the police station to be interviewed and, consequently, to be seen by him, and provided no explanation for her unwillingness to do so.

Accordingly, for the reasons stated in detail on the record at the hearing and summarized above, the motion is hereby GRANTED without further leave to amend.

In light of the above, the Case Management Conference scheduled for October 12, 2018, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: September 14, 2018

                                              MAXINE M. CHESNEY
                                              United States District Judge